The opinion of the court was delivered by
Spencer, J.
The defendant was tried and convicted of the crime of larceny, on information filed by the district attorney pro tem. of Madison *652 parish, in,the parish court of that parish. The trial was had before that court.
The case is presented to us by an assignment of errors apparent on the face of the record, which we will consider in their order.
First — That the information was not filed with consent of the court first obtained.” The record shows that the court “ ordered the information to be filed.” Courts are supposed to consent to that which they order.
Second — The accused was denied the constitutional right of trial. It does not appear that he applied for trial, and if he had, its denial would not affect the legality of his trial. But there is not the slightest foundation in the record for this charge.
Third and fifth — The case was, on the 8th of April, set for trial on the 10th, without consent or presence of the accused. The record shows that the court on the 8th appointed Mr. Slack, an attorney, to represent the accused, and fixed the case for the 10th. The accused was therefore represented by counsel present, and this presence sufficed so far as fixing the case was concerned. If a case could not be fixed for trial without the consent of accused, few criminals would be tried. Besides, his presence on this occasion was not necessary. State vs. Outs, 30 A. 1155. If he was not ready for trial, he should have asked delay when brought to the bar for trial, and excepted if delay was denied. It is no ground in arrest.
Fourth — -“The accused was not present in court at or during the opening and beginning of the trial, for the case was proceeded with on the 10th, showing that a trial was begun previous to that date.”
The case on the 8th had been fixed for the 10th. The minutes of the 10th show that on that day “ the accused was brought into court and trial proceeded with,” etc. This objection is a play upon words.
Fifth — That the court erred in overruling certain grounds filed by way of motion in arrest of judgment. These are, that the district attorney pro tem. has no right or power to prosecute or file informations except in the absence of the district attorney or in case of his disability, refusal or recusation. That it does not appear that the district attorney was absent, recused, etc. That it should have been averred in the information that he was absent or recused, etc. That the information is not according to and in conformity with the common law of England. That the locality of the property at the time of its theft is not sufficiently stated, etc.
If we were to concede the proposition that the absence, recusation, etc., of the district attorney must be averred in informations, the want of such averment would be a “formal defect apparent on the face there *653 of.” Objection to which, must “be taken by demurrer or motion to quash” before trial, “ and not afterwards.” B. S. sec. 1064.
We are not advised in what respect the information wants conformity to the common law, when divested of “ unnecessary prolixity.”
The charge is that the accused did (on a day named), in the parish of Madison, and within the jurisdiction, etc., feloniously steal, take and carry away, etc. If he did the stealing in Madison parish, the thing stolen must have been in that parish when stolen.
The judgment appealed from is affirmed.